Brette L. Evans (sbn177042)
Evans Law Offices
255 N. Market St., Suite 110
San Jose, California 95110
TEL: (408) 298-8910
FAX: (408) 298-8911
*Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

In re:

GARCIA, GINA, AKA,
FIGUEROA, GINA

                              Debtor

**CASE NO: 09-61153 RLE**

**MOTION FOR ORDER ALLOWING DEBTOR TO SELL RESIDENTIAL REAL PROPERTY, MOTION TO EMPLOY THE BROKER AND ALLOW BROKER'S COMPENSATION**
**(912 Fruitdale Place. San Jose, CA. 95126)**

    **DATE:** April 15, 2010
    **TIME:** 2:00 p.m.
    **CRTRM:** 3099

**MOVANT, GINA GARCIA, AKA, GINA FIGUEROA (also referred to as "Debtor"):**

    1.    The debtor caused to be filed a Voluntary Petition under Chapter 13 on December 18, 2009 (herein "the Petition date").

    2.    Among the assets of Debtor's bankruptcy estate at the time of the filing of the Voluntary Petition was a residence located at 912 Fruitdale Place, San Jose, Ca. 95126. (hereinafter referred to as the "Real Property").

    3.    Debtor has received an offer for the purchase of the Real Property from Micheal and Nikki Callaghan (herein "the buyers"). Accompanying this offer is a good faith down payment of $9,000.

    4.    The buyers have offered to pay the total sum of $305,000 (herein the "sale proceeds") and

1

the Debtor has accepted this offer. This acceptance is conditioned upon the lien holder's approval as outlined herein..

5. At the time of filing the Chapter 13 case, the Real Property was encumbered by a first deed of trust due and owing to US Bank. The balance owing on the principal on the projected close of escrow date, with post petition interest compounding is approximately the amount of $ 385,648.58.

6. The Real Property is also encumbered by a second deed of trust due and owing to JPMorgan Chase. The balance owing on the principal on the projected date set for close of escrow, with post petition interest compounding is approximately in the amount of $15,355.24.

7. The proceeds from the sale shall be used to pay US Bank, an estimated sum of $277,482 (See Exhibit A, "Seller's Estimated Closing Statement"). This pay off is predicated upon U.S. Bank's express approval of the short-sale amount, thereby allowing escrow to close.

8. The second deed of trust held by JPMORGAN Chase is slated for payoff at the sum of $1,000. The sum allocated for payment to JPMORGAN Chase is derived from the principal loan proceeds expected to be received from buyers, and the allowance of this payment is also conditioned upon U.S. Bank's approval of the same.

9. The pay off amounts allocated herein for both the first and second mortgage holders are subject to change as these short sale sums are being negotiated. At the present time, property taxes of $1240.25 are estimated to be owing, and an outstanding sum of $1,000 is owed to Fruitdale Village Homeowner's Association. The allocation for payment of these sums will likely come from the proceeds designated for pay off to U.S. Bank. When and if this transaction closes, the exact payoff to either lien holder could vary, in that the sum paid may be more or less as the exact sum allocated for closing costs and escrow fees has not been fully determined.

10. In addition, the normal customary closing costs, real estate commissions and any demand of the Chapter 13 Trustee shall also be paid through the escrow process.

11. The Trustee demand shall include only those sums owing on pre-petition arrears owing to U.S. Bank, the holder of the mortgage secured by the first deed of trust, and administrative claims for disbursing on any arrearage claim paid by the Chapter 13 Trustee.

12 The Chapter 13 Plan and case shall remain in effect. All other remaining claims slated to be paid through the plan include three vehicle claims and other administrative claims, including attorneys' fees and Trustee's fees.

13. Debtor hereby moves this Court for an Order authorizing permission to sell the Real Property and distribute the proceeds as set forth herein.

## MOTION TO EMPLOY REAL ESTATE
## AGENT AND ALLOW BROKER'S COMMISSION

11. Debtor signed an exclusive listing agreement with real estate agent, Cathy Hegg, with "Coldwell Banker"(herein referred to as "Debtor's Agent").

12. A Real Estate Purchase Contract has been executed by both the buyers and debtor herein, and is attached to the Declaration of Gina Garcia filed contemporaneously and in support of the Motion.

13. Proceeds from the sale include real estate commissions of 3.5% for Debtor's Agent, as well as 3.5% to buyer's agent.

14. This Motion incorporates the Declaration of Cathy Hegg, filed contemporaneously herewith.

WHEREFORE, Debtor by and through her attorney of record, prays for an order of this Court as follows:

1. For an Order authorizing the sale of real property commonly known as 912

    Fruitvale Place, San Jose, CA. 95126, to buyers Michael and Nikki Callaghan for

3

the sum of $305,000 and upon the conditions and terms set forth herein.

2. For an Order authorizing employment of Cathy Hegg with Coldwell Banker as Debtor's broker for the sale of the real property, and authorizing the broker's fee of 3.5% at $10,675.

3. For such further order from Court as may be just and appropriate.

Dated: 3/24/2010                        Respectfully Submitted,

                                  */s/ Brette L. Evans*
                                  Brette L. Evans
                                  Attorney for Debtor